# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO.: CR207-32 |
| | : | |
| TYRONE BOLDEN | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Tyrone Bolden ("Defendant") has been indicted for: possession with intent to distribute 5 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).[1] Defendant filed a "Motion to Suppress Common Area" and a "Motion to Dismiss Search Warrant".[2] The Government filed a Response. For the reasons which follow, Defendant's Motions should be **DENIED**.

I. **Defendant's Motion to Suppress Common Area**

Defendant asserts the search warrant did not state that the target of the police investigation had exclusive control of the area to be searched. Defendant contends the

---

[1] While the style of the case indicates that Defendant violated 19 U.S.C. § 924(c)(1)(A), the wording of Count Three correctly recites that possession of a firearm in furtherance of a drug trafficking crime is a violation of 18 U.S.C. § 924(c)(1)(A).

[2] The undersigned conducted a hearing on Defendant's Motions, but counsel for Defendant and for the Government did not make any arguments outside of those arguments contained within their briefs.

police reports refer to his bedroom as an apartment, while the evidence shows his bedroom was a bedroom inside of the dwelling located at 2227 Reynolds Street. Defendant also contends the police had actual knowledge that he was not at 2227 Reynolds Street prior to the issuance of the search warrant, nor was he present during the search of the dwelling. Defendant alleges the room in which the drugs were found was not secured by a lock, and the drugs were found behind furniture. Defendant also alleges the "affiant clearly stated the informant stated that at least two other people reportedly had been in the house with drugs prior to the issuance of the [s]earch [w]arrant." (Doc. No. 13, p. 1).

The Government avers the search warrant is supported by probable cause. The Government also avers the area where the contraband was recovered was not a common area, but rather an area under the exclusive control of the Defendant.

"The right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Grubbs, 547 U.S. 90, 95, 126 S. Ct. 1494, 1499, 164 L. Ed. 2d 195 (2006) (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)). However, "[s]earch warrants are not directed at persons; they authorize the search of 'places' and the seizure of 'things,' and as a constitutional matter they need not even name the person from whom the things will be seized." Zurcher v. Stanford Daily, 436

U.S. 547, 555, 98 S. Ct. 1970, 1976, 56 L. Ed. 2d 525 (1978) (quoting United States v. Kahn, 415 U.S. 143, 155 n. 15, 94 S. Ct. 977, 984, 39 L. Ed. 2d 225 (1974)).

The following facts are based on the undersigned's review of the Application and Affidavit for Search Warrant. Investigator Robert Sasser ("Sasser") of the Glynn/Brunswick Narcotics Enforcement Team received a telephone call within "the 24 hours prior to December 12, 2006", from Rebecca Jones ("Jones"). (Att. to Doc. No. 17, p. 1). According the Sasser, Jones told him she lived at 2227 Reynolds Street in Brunswick, Georgia, and that there was a large amount of cocaine in the residence. Jones told Sasser she saw John Guest, Tyrone Bolden, and Adam Bolden in Tyrone Bolden's bedroom with a package of cocaine she believed to be about the size of a five-pound bag of flour and a small amount of marijuana. Jones also told Sasser that Adam Bolden delivered the cocaine to 2227 Reynolds Street from Jacksonville, Florida, within the past 24 hours. Jones further told Sasser that Adam Bolden drove to the residence in a white Buick LeSabre station wagon bearing a Georgia license plate reading "ABQ 1690". Sasser stated a white Buick LeSabre station wagon as described by Jones with a Georgia license plate of ABQ 1690 was parked in front of 2227 Reynolds Street. Sasser noted that a Brunswick Police K-9 officer had his canine partner conduct a free-air sniff around the white Buick LeSabre station wagon, and the canine gave a positive indication for the presence of illegal narcotics. Sasser also noted a search of the PRIORS report system revealed Tyrone Bolden and Adam Bolden "have documented incidents" which occurred at 2227 Reynolds Street. (Att. to Doc. No. 17, p. 2). Jones also told Sasser that Tyrone Bolden had been selling cocaine to John Guest inside of the residence.

The undersigned's review of the limited evidence before the Court indicates there was probable cause to support the issuance of a search warrant for the premises located at 2227 Reynolds Street in Brunswick, Georgia. Jones, who lived at 2227 Reynolds Street, provided information to the police that she saw cocaine and marijuana in Defendant's bedroom within 24 hours of Sasser's application for search warrant. The search warrant was directed at the residence located at 2227 Reynolds Street in Brunswick, Georgia. (Att. to Doc. No. 17, p. 3). It is immaterial to a finding of probable cause whether Defendant was present at the residence at the time the search warrant was executed. Defendant's Motion to Suppress Common Area should be **DENIED**.

II. **Defendant's Motion to Dismiss Search Warrant**

Defendant contends the search warrant is illegal under Georgia law. Defendant asserts Lieutenant Lou Baerga was the supervisor at the scene of the search of 2227 Reynolds Street, and he is the person who should have signed the Application and Affidavit for Search Warrant. Defendant contends the failure to have a supervisor apply for the search warrant resulted in a non-harmless error and a "fatal violation" of his civil rights. (Doc. No. 14, p. 2).

The Government asserts the legality of the search warrant is analyzed under federal, not Georgia, law. The Government also asserts the search warrant is legal and proper under federal law.

LaFontaine v. State, 269 Ga. 251, 497 S.E.2d 367 (1998), and Brent v. State, 270 Ga. 160, 510 S.E.2d 14 (1998), which are cited by Defendant, stand for the relevant proposition that a roadblock is reasonable within the requirements of the Fourth Amendment where the decision to implement the roadblock was made by supervisory

personnel rather than the officers in the field. As the situation before the Court pertains to the search of a residence and not the search of a vehicle incident to a roadblock, these cases are inapplicable. In addition, Defendant is not entitled to any greater protection from an unreasonable search than is provided by the Fourth Amendment. See Brent, 270 Ga. at 162, n.1, 510 S.E.2d at 16 (stating that "the State of Georgia may choose to give its citizens greater protection from searches and seizures than the Federal Constitution, it is not required to do so."). Having determined the search warrant is supported by probable cause within the requirements of the Fourth Amendment, Defendant's Motion to Dismiss Search Warrant should also be **DENIED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Suppress Common Area be **DENIED**. It is also my **RECOMMENDATION** that Defendant's Motion to Dismiss Search Warrant be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 26th day of November, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE