IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 207-032 |
| | * | |
| TYRONE BOLDEN | * | |

ORDER

On June 12, 2019, this Court granted relief under 18 U.S.C. § 3582(c)(1)(B) to Defendant Tyrone Bolden based upon the application of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which made retroactive the Fair Sentencing Act of 2010, Pub. L. No. 111-220, *inter alia*. The Court determined that Bolden's sentencing guideline range was lowered; the amended guideline range became 262 to 327 months imprisonment. The Court reduced Bolden's sentence to the lowest possible sentence within the amended guideline range - 262 months.[1]

At present, Bolden has filed a motion for reconsideration. He complains that the Court simply took the Government's recommendation in its response without appointing him counsel,

---

[1] The 262-month sentence is imposed as to Count 1 (the drug-related count) of Bolden's conviction. The sentence runs concurrent with a 120-month sentence imposed as to Count 2 (the firearm count).

without having a Presentence Investigation Report prepared, and without considering his post-sentence rehabilitation.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by" 18 U.S.C. § 3582(c). <u>United States v. Phillips</u>, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Section 3582(c)(1)(B) provides that "a court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." Moreover, a defendant "is not entitled to a full resentencing during a § 3582(c) proceeding." <u>United States v. Cole</u>, 417 F. App'x 922, 923 (11th Cir. 2011); <u>United States v. Ramirez-Castillo</u>, 335 F. App'x 888, 889 (11th Cir. 2009). Consequently, Bolden was not entitled to a revised Presentence Investigation Report. Also, Bolden had no statutory or constitutional right to counsel. See <u>United States v. Webb</u>, 565 F.3d 789, 794 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus."). Finally, the Court imposed the lowest possible sentence within the revised advisory guidelines for imprisonment after carefully considering each of the sentencing factors found in 18 U.S.C. § 3553(a). The Court has no authority to go below 262 months.

2

Finally, Bolden argues that the amended guideline range was incorrectly determined by using a quantity of cocaine base greater than that which was found by the jury during his trial. Importantly, "[a]ll original sentencing determinations remain unchanged" in a § 3582(c) proceeding. Cole, 417 F. App'x at 923 (emphasis and quotation marks omitted). This means that the Court must impose a reduced sentence as if the Fair Sentencing Act's increased cocaine base requirements were in effect at the time Bolden's offense was committed. It may not, however, revisit the amount of cocaine base attributable to him at sentencing in this context. Accordingly, Bolden's argument in this regard cannot be considered upon reconsideration of a § 3582(c) order.

Upon the foregoing, the motion for reconsideration filed by Defenant Tyrone Bolden (doc. 95) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of July, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA