IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA         *
                                 *
        v.                       *        CR 207-032
                                 *
TYRONE BOLDEN                     *

---

**O R D E R**

---

On June 12, 2019, this Court reduced Defendant Tyrone Bolden's sentence under 18 U.S.C. § 3582(c)(1)(B) based upon the application of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. (Doc. 94.) The Court determined that Bolden's sentencing guideline range was lowered; the amended guideline range became 262 to 327 months imprisonment. The Court reduced Bolden's sentence on Count 1 (the drug-related count) to 262 months, the low-end of the amended guideline range. (Id.)

Bolden moved for reconsideration of this Court's order, reasserting that he should have been appointed counsel, challenging the Court's guidelines calculations, and maintaining that he should have been allowed to present evidence of post-sentence rehabilitation. (Doc. 95.) This Court denied Bolden's motion for reconsideration, explaining that Bolden was not entitled to a full resentencing or appointed counsel. (Doc. 96.) The Court further explained that it had properly calculated the

amended guidelines and that upon consideration of sentencing factors found in 18 U.S.C. § 3553(a), Bolden was appropriately sentenced at the low end of the guidelines. (Id. at 2.) The Court further stated that it had "no authority to go below 262 months." (Id.)

On July 26, 2019, Bolden filed a notice of appeal from the Order on Reconsideration. The Court then denied Bolden's request to proceed in forma pauperis on appeal, ruling that "it has afforded Bolden all the relief to which he is entitled, having reduced his sentence to the lowest possible sentence within his amended guideline range." (Doc. 103, at 1.)

At present, the Government has filed a Motion for Indicative Ruling under Federal Rule of Criminal Procedure 37(a)(3) on Its Motion for Reconsideration. The Government explains its position that, under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act, this Court does have the authority to impose a sentence below the amended guideline range after consideration of the § 3553(a) factors and moves this Court to reconsider its pronouncement to the contrary. The Government cites case law that supports its proposition from other federal districts, and the Court recognizes that at least one district court within the Eleventh Circuit has determined the same. See United States v. Vanzant, 2019 WL 3468207, at *4 (S.D. Ala. Jul. 31, 2019) (considering the relevant § 3553(a) factors and the offender's post-sentencing conduct to reduce the offender's sentence).

2

Under Federal Rule of Criminal Procedure 37, when a district court has been divested of its jurisdiction because of the filing of the notice of appeal, it may still make an indicative ruling if it "state[s] either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a)(3). Based upon the Government's motion for reconsideration and the case law cited therein, there appears to be a substantial issue regarding whether this Court could impose a sentence below the amended guideline range under 18 U.S.C. § 3582(c)(1)(B).

Upon the foregoing, the Court **GRANTS** the Government's motion for an indicative ruling under Rule 37(a)(3) in that it recognizes the aforementioned substantial issue. Consequently, the Court **VACATES** its prior Order (doc. 103) denying *in forma pauperis* status to Bolden and hereby **GRANTS** his motion to proceed *in forma pauperis* on appeal (doc. 101). The Government is instructed to notify the Eleventh Circuit Court of Appeals of this Order in accordance with Rule 37(b).

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of October, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3