IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 207-032 |
| | * | |
| TYRONE BOLDEN | * | |

**O R D E R**

On June 12, 2019, this Court reduced Defendant Tyrone Bolden's sentence under 18 U.S.C. § 3582(c)(1)(B) based upon the application of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. (Doc. 94.)  The Court determined that Bolden's sentencing guideline range was lowered; the amended guideline range became 262 to 327 months imprisonment. The Court reduced Bolden's sentence on Count 1 (the drug-related count) from 360 months to 262 months, an eight-year reduction.  (Id.)

On July 3, 2019, the Court denied Bolden's motion for reconsideration.  The Court indicated that it had "no authority to go below 262 months."[1]   (Doc. 96.)   Bolden appealed the Order

---

[1] While the Court did not cite authority for this proposition, the Eleventh Circuit as recently as March 12, 2020 has stated that a district court cannot reduce a defendant's sentence below the amended guideline range albeit upon consideration of a motion under 18 U.S.C. § 3582(c)(2). See United States v. Lopez, --- F. App'x ---, 2020 WL 1190423 (11th Cir. Mar. 12, 2020).  The Eleventh Circuit has not ruled on whether this same limitation applies to

denying reconsideration, and the Court denied *in forma pauperis* status to Bolden, stating that it had afforded Bolden all the relief to which he is entitled. (Order of Sept. 20, 2019, Doc. 103 (<u>vacated</u> by the Order of Oct. 2, 2019, Doc. 105).)

Thereafter, the Government filed a Motion for Indicative Ruling, contending that under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act, a district court does have the authority to impose a sentence below the amended guideline range after consideration of the § 3553(a) factors, and moved this Court to reconsider its pronouncement to the contrary. In addressing the Government's motion, the Court recognized the "substantial issue regarding whether this Court could impose a sentence below the amended guideline range under 18 U.S.C. § 3582(c)(1)(B)." The Court therefore vacated its Order denying Bolden *in forma pauperis* status, intending that the Court of Appeals would address this issue in the course of Bolden's appeal.[2]

---

First Step Act cases under 18 U.S.C. § 3582(c)(1)(B). Indeed, the Court noted this "substantial issue" in granting the Government's motion for an indicative ruling. (<u>See</u> Order of Oct. 2, 2019, Doc. 105, at 3.)

[2] The Government erroneously indicates that this Court had stated that if it had jurisdiction, it "would consider whether under the 18 U.S.C. § 3553(a) factors, it would impose a below-guidelines sentence." (Doc. 106, at 1 (citing Order of Oct. 2, 2019).) The Court did not so state. Rather, the Court only conceded that there was a "substantial issue" as to whether it could consider a below-guideline sentence and therefore granted Bolden *in forma pauperis* status for his appeal.

At present, the Court of Appeals has returned the issue to this Court to determine whether the Government's motion for reconsideration should be granted or denied. (See Order of Dec. 2, 2019 in United States v. Bolden, Case No. 19-12810 (11th Cir. Jul. 26, 2019).) Upon this limited remand, the Government filed a motion for reconsideration asking this Court to reconsider Bolden for a below-guideline sentence but nevertheless sentence him to the same 262 months within the amended guideline range. (Doc. 106.) Of course, Bolden has filed a response asking the Court to sentence him below the amended guideline range. (Doc. 109.)

The Court need not resolve the issue of whether it has authority to sentence Bolden below his amended guideline range of 262 to 327 months because I decline to do so even assuming I have such authority. Bolden is a career offender who was sentenced at the low end of his original guideline range. While his post-conviction rehabilitation efforts are commendable, they do not warrant a sentence below the amended guideline range. Rather, the Court finds that its sentence reduction to 262 months imprisonment, which is the bottom of his appropriately recalculated guideline range, serves the interests of justice and furthers the purposes set forth in 18 U.S.C. § 3553(a). Accordingly, the Government's motion for reconsideration (to include consideration of whether the Court should go below the amended guideline range) is **GRANTED**

**IN PART.** The Court, however, declines to sentence Bolden below 262 months.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of May, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA